410-396-2499

Decon # 39343
Event # 9454

# CIRCUIT COURT OR DISTRICT COURT OF MARYLAND
# FOR BALTIMORE CITY

**SEARCH AND SEIZURE WARRANT**
FORM 02/187

TO:   Any Police Officer of Baltimore City:

The affidavit having been made before me by P/O Steven Kolacz, said affidavit incorporated by reference into this warrant and made a part thereof, that he (they) has (have) reason to believe that:

| | |
|---|---|
| (Person) | Enzo Blanks Jr. (m, b, 3-25-1985) |
| (In the premise known as) | 118 North Howard Street, Apt. # 811, Baltimore, Maryland, 21202. Said building being an eight story multi-unit apartment building with each unit being identified by numerals on the unit's door |
| (In the vehicle) | 2007 Ford F-150, baring MD reg. plates A198460, black in color |

In the City of Baltimore, there being concealed certain property, namely;
(See attached seized property list)
Which is (are) in violation of the Laws of Maryland pertaining to

**The Criminal Code CR 5-501- 5-1101 Of the Criminal Law Article**

and I am satisfied that there is probable cause to believe that the property so described is being concealed in **118 North Howard Street, Apt. 811, Baltimore, Maryland 21202**, the above described and that the foregoing grounds for application for issuance of the search warrant exist.

You are therefore commanded, with the necessary and proper assistants, to search forthwith the **118 North Howard Street, Apt. 811, Baltimore, Maryland 21202**, herein above described for the property specified, executing this warrant and making the search; and if the property be found there, to seize it; and if upon execution of this warrant, there are found persons then and there engaged in the commission of a crime, arrest those so participating; leaving a copy of this warrant and inventory of the property seized and returning copy of said warrant and inventory, if any, to me within ten days after execution of this warrant; or, if not served, to return this warrant to me promptly, but not later than five days after this expiration, as required by law.

Dated this 21st day of December, 2011.

_____ 2:35 p.m.
JUDGE

**Unannounced Entry Authorization**
Good cause being shown therefore, the executing law enforcement officers are authorized to enter
the premises to be searched without giving notice of their authority and purpose.
Dated this _____ day of _____ 20___ Signed_____

SIGNED _____

## CIRCUIT COURT OR DISTRICT COURT OF MARYLAND
## FOR BALTIMORE CITY

**Application for a Search and Seizure Warrant**
FORM 02/188

To the Honorable Judge ___James Mann___ of the ___District Court Baltimore City___ Court, of
the undersigned being duly sworn deposes and says that he (they) has (have) reason to believe that

| | |
|---|---|
| (Person) | Enzo Blanks Jr. (m, b, 3-25-1985) |
| (in the premise known as) | 118 North Howard Street, Apt. # 811, Baltimore, Maryland, 21202 Said building being an eight story multi-unit apartment building with each unit being identified by numerals on unit's door |
| (In the vehicle) | 2007 Ford F-150, baring MD reg. plates A198460, black in color |

In the City of Baltimore, there being concealed certain property, namely;

(See attached seized property list).

Which is (are) in violation of the Laws of Maryland pertaining to

**The Criminal Code CR 5-501- 5-1101 Of the Criminal Law Article**
And, that the facts tending to establish grounds for issuance of Search Warrant are set forth in the Affidavit attached thereto and made a part thereof.
Wherefore, your Affiant prays that a Search and Seizure Warrant be issued for said items described in attached seized property list.

_____  12-21-11
Affiant                                    Title

_____  Officer
Co-affiant                               Title

SWORN to before me and subscribed to in my presence this __21st__ day of __December__, 2011.

_____
Judge

-2-

# AFFIDAVIT

I. <u>Purpose of the Affidavit</u>

This Affidavit is submitted in support of a search and seizure warrant pertaining to violations of the Controlled Dangerous Substance laws, Criminal Code CR 5-101 through CR 5-1101 of the Criminal Law Article of Maryland. Because this Affidavit is being submitted for this limited purpose, your Affiant has not included every detail of the investigation that has been conducted to date. Rather, your Affiant has set forth only those facts that your Affiant believes are necessary to establish probable cause. Your Affiant has not, however, excluded any information known to your Affiant that would defeat a determination of probable cause. The information contained in this Affidavit is based upon your Affiant's personal knowledge, a review of documents and other evidence, and conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated.

II. <u>Premises and/or Person to be Searched</u>

(Person)                Enzo Blanks Jr. (m, b, 3-25-1985)

(in the premise known as)     118 North Howard Street, Apt. # 811, Baltimore, Maryland, 21202
Said building being an eight story multi-unit apartment building with each unit being identified by numerals on unit's door

(in the vehicle)            2007 Ford F-150, baring MD reg. plates A198460, black in color

-3-

III.   **Affiants**

Your Affiant, P/O Steven Kolacz, has been a sworn officer of the Baltimore Police Department since November 2004 and is currently assigned to Southern District Flex "A". Your Affiant successfully completed a six-month basic course of training that included classes pertaining to Controlled Dangerous Substances (CDS). Prior assignments include Central District uniform patrol and Central District Operations Unit. Your Affiant has personally conducted and participated in numerous investigations involving criminal activity including but not limited to CDS, violent crime, and firearms violations. Your Affiant has participated in the arrest of numerous persons for CDS, violent crime, and/or firearms violations and has authored and/or executed several Search and Seizure Warrants relating to CDS, violent crime, and/or firearms violations.

**Co-Affiant**

Your Co-Affiant, P/O Jonathan Ford, has been a sworn officer of the Baltimore Police Department since August 2006 and is currently assigned to Southern District Flex "A". Your Co-Affiant successfully completed a six-month basic course of training that included classes pertaining to Controlled Dangerous Substances (CDS). Prior assignments include Southern District uniform patrol and Southern District Operations Unit. Your Co-Affiant has personally conducted and participated in numerous investigations involving criminal activity including but not limited to CDS, violent crime, and firearms violations. Your Co-Affiant has participated in the arrest of numerous persons for CDS, violent crime, and/or firearms violations and has authored and/or executed several Search and Seizure Warrants relating to CDS, violent crime, and/or firearms violations.

-4-



Through training and interviews of hundreds of persons arrested for CDS offenses, your Affiant(s) is/ are familiar with the actions, traits, habits, and terminology utilized by traffickers of CDS. Your Affiant(s) has/ have also participated in hundreds of surveillances of suspected drug traffickers. Based upon your Affiants' training, experience and participation in other investigations involving illegal CDS, your Affiant(s) knows the following:

a) That drug traffickers often place communications devices, vehicles and other assets in names other than their own to avoid detection of these items by law enforcement officials;

b) That even though these items are in another entity or person's name, the drug dealers actually own and continue to use these devices and assets and to exercise dominion and control over them;

c) That drug traffickers maintain on hand amounts of U.S. currency in order to maintain and finance their ongoing drug business;

d) That drug traffickers maintain books, records, receipts, notes, ledgers, transportation tickets and other travel records, money orders, and other papers relating to the transportation, ordering, sale, and distribution of CDS and the profits derived from those transactions, and maintain these items where they have ready access to them, such as in their residence, place of business, safety deposit boxes, or storage lockers;

e) That drug traffickers commonly "front" (provide on consignment) CDS to their clients and keep records of these transactions;

f) That it is common for drug traffickers to secrete illegal drugs and other contraband, records of drug transactions, amounts of currency, financial instruments, precious metals,

-5-



jewelry, and other items of value which are proceeds of drug transactions and evidence of financial transactions in secure locations within their residence and place of business, including in combination or key-lock safes or strong boxes, suitcases, locked cabinets and other types of locked or closed containers, hidden compartments, safety deposit boxes, and storage lockers for ready access and to conceal them from law enforcement authorities;

g) That when drug traffickers amass proceeds from the sale of drugs, the drug traffickers attempt to legitimize these profits; that to accomplish this goal, drug traffickers utilize domestic banks and their attendant services, securities, cashier's checks, money drafts, letters of credit, brokerage houses, real estate, shell corporations, and business fronts, and that drug traffickers commonly keep records of these transactions in their residence, place of business, safety deposit boxes, and storage lockers;

h) That drug traffickers commonly maintain addresses and telephone numbers in books or papers which reflect names, addresses, and telephone numbers of their drug-trafficking associates; and that they commonly use and carry cellular telephones, pagers and/or personal digital assistants that store names, addresses, telephone numbers, and codes of co-conspirators;

i) That drug traffickers commonly take or cause to be taken photographs and videos of themselves, their associates, their property and/or assets, and their drugs; that these traffickers usually maintain these photographs and videos in their possession in their residence, place of business, or in storage lockers;

j) That it is also common for drug traffickers to use vehicles to move quantities of drugs and currency to other locations for storage and further distribution and use; and

k) That drug traffickers often rent vehicles instead of using their own to prevent their

own vehicles from being seized by law enforcement officials.

l) That drug traffickers will often times possess or have access to firearms for both personal protection and to protect CDS/ drug stashes and proceeds from CDS/ drug sales from theft.

IV. **Probable Cause**

The following facts are either known to your Affiant(s) through personal observation or have been obtained through reliable confidential sources, law enforcement reports and/or directly from other law enforcement officers.

During the month of December, 2011, your affiants, P/O Kolacz and P/O Ford, were contacted by confidential informant # 5465 in reference to possible illegal drug transactions in, and around 118 North Howard Street. Information received was that at different times throughout the day, a black Ford f-150 pick up truck (Harley-Davidson edition) would leave the parking garage of 118 Howard Street and meet with unknown persons who would drive to a set location in the area of 118 North Howard Street. These meetings would only last for a few seconds. During the meetings, an occupant of the vehicle who was meeting with the Ford pick up truck would exit their vehicle and approach the pick up truck. The person would then enter the pick up truck. After only seconds, the person would exit the truck and return to the vehicle that they had arrived in. Both vehicles would then leave the area.

Armed with this information, your affiants, and members of Southern District Flex "A", attempted to set up covert surveillance of the area around 118 North Howard Street. While attempting to set up surveillance in the area, Sgt Allers, who was operating an unmarked police vehicle, observed a black Ford Pick-up (Harley-Davidson edition) truck exit the parking garage

-7-

of 118 North Howard Street. Believing that this was the truck we were advised of, Sgt Allers covertly followed the vehicle. The Ford truck drove to the unit block of North Eutaw Street and pulled behind a Toyota Solara that was parked, occupied, and running. The front passenger (male, white) of the vehicle exited the Toyota and walked to the Ford truck. The unknown male then entered the Ford truck. After a few seconds, the male exited the Ford truck and returned to the Toyota. Both vehicles then left the area. Through Sgt Allers experience in the area of narcotics enforcement and his knowledge of the operations of the drug trade, combined with the events that had unfolded in his view and the information received earlier, Sgt Allers believed that a CDS transaction had just occurred. Sgt Allers then followed the Toyota out of the area. No attempt was made to stop the Ford pick up truck in fear that it would hinder any further investigation. Sgt Allers followed the Toyota to the "Motel 6" located at 1401 Bloomfield Rd. just off of Caton Ave. The Toyota pulled into the parking lot and parked. The occupants did not exit the vehicle. A short time later, the Toyota pulled out of the parking lot. Sgt Allers again followed the Toyota. Sgt Allers then attempted to pull the vehicle over in reference to possible CDS violation/ investigation. Sgt Allers pulled directly behind the Toyota and engaged his emergency lights. The driver of the vehicle accelerated and ignored the emergency lights and attempted to elude Sgt Allers. A brief vehicle pursuit ensued. Sgt Allers observed what appeared to be plastic bags being thrown from the vehicle as it was attempting to elude him. Sgt Allers made a mental note of the locations as he was following the vehicle. The Toyota finally pulled over in the 2700 block of Wilkins Ave. The three occupant of the vehicle were removed from the vehicle. The three males were identified as George Miller (m, w, 9-11-64) (driver), Richard Adams (m, w, 1-29-65), and Brian Mitchell (m,w,11-17-66). While Southwest District officers

-8-



stayed with the three males on Wilkins Ave., Sgt Allers responded back to 1100 block of Whistler Road, where he had seen the items being thrown out of the vehicle. Sgt Allers recovered a plastic bag containing 103 gelcaps cont powder substance (suspected heroin) and a plastic bag containing 4 gelcaps containing powder substance (suspected heroin). Same was recovered and submitted to ECU. Believing that the arrests of the three males would hinder the investigation into 118 North Howard Street, Sgt Allers advised the three that he had not recovered any of the objects thrown from the car and had no option but to release them with no charges. The three males left the area.

Further investigation led to the following.

On December 15, 2011 your affiants enlisted the assistance of City Watch Camera Systems (cctv) in observing the area around 118 North Howard Street. While observing cameras that cover the area, your affiants observed a black Ford pick-up truck (Harley-Davidson edition) exit the parking garage of 118 North Howard Street at 1328 hrs. The truck then traveled to the unit block of North Eutaw Street and parked on the West side of the Street. A short time later, at 1329 hrs, a Chevrolet HHR, baring MD tag of 2A/E7952, drove South on Eutaw Street and parked directly in front of the black pick up truck. The front passenger of the Chevrolet exited the vehicle and walked to the black pick up truck. The male was recognized to be Brian Mitchell, from the vehicle stop earlier in the week. Mitchell opened the rear passenger door of the black truck and entered same. Mitchell was in the truck for approximately 15 seconds. Mitchell then exited the truck and walked quickly back to the Chevrolet. The right side of Mitchell's sweatshirt was hanging as if some heavy object was in his pocket. Mitchell entered the Chevrolet. Then both vehicles left the area. The black pick-up truck was observed going back inside the parking

-9-



garage for 118 Howard Street. The entire time for the suspected transaction was approximately 1 minute. Again, no attempt to stop either vehicle was made in deference to the continuing investigation. The Ford's MD registration plate was identified as A198460. A routine check of the plates showed the vehicle was registered to Farrah Alicia Johnson, and Enzo Stuarti Blanks. Neither Johnson nor Blanks have a listed address of 118 North Howard Street. Armed with the owners' information, both were run through various police databases. Johnson has had no prior arrests. Enzo Blanks has been arrested as an adult on 2 non drug related charges. However, it is worth noting that he was arrested several times for CDS violations as a juvenile. Several photos were obtained of Enzo blanks, Jr.

Continued surveillance was conducted by your affiants.

On 12-20-11, your affiants were again utilizing City Watch Cameras in the area of 118 North Howard Street. As we were watching the area around 118 North Howard Street, we observed the Chevrolet HHR that had been seen on December 15, 2011, park on the South Side of the 300 Block of west Fayette Street at 1954 hrs. Seconds later, a male wearing a puffy vest coat and hat approached the Chevrolet and walked to the driver's side of the vehicle. The male opened the rear driver's side door. He then sat in the vehicle, with his legs still outside the car. Seconds later, the male exited the vehicle. As the male was walking away from the Chevrolet, your affiants recognized the male as Enzo Blanks Jr. Blanks walked toward 118 North Howard and entered the front door. The Chevrolet drove off from the location.

Further investigation showed that Enzo Blanks Jr. has an address of 118 North Howard Street, Apartment 811.

-10-



## Conclusion

Based on the foregoing, it is respectfully submitted that there is probable cause to believe that heroin is being stored in, and sold out of the residence know as 118 North Howard Street, apartment 811, Baltimore Maryland, 21201, in violation of the Controlled Dangerous Substance laws, Criminal Code CR 5-101 through CR 5-1101 of the Criminal Law Article of Maryland; that the premises at 118 North Howard Street, apartment 811, Baltimore Maryland, 21201 is being used for the storage and distribution of narcotics, narcotics proceeds, and the facilitation of narcotics offenses; and that there will be found at 118 North Howard Street, apartment 811, Baltimore Maryland, 21201 the items set forth in Attachment A hereto, which constitute evidence, fruits, and instrumentalities of the aforementioned violations of the Controlled Dangerous Substance laws.

WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue a search warrant for the premises of 118 North Howard Street, apartment 811, Baltimore Maryland, 21201, and the vehicle identified as 2007 Ford F-150, baring MD reg. plates A198460, black in color and authorize the search and seizure of the items described in Attachment A hereto.

Affiant, Steven Kolacz
Police Officer

Co-affiant, Jonathan Ford
Police Officer
Baltimore Police Department

Subscribed to and sworn to before me on December 21, 2011.

Judge _____

-11-

## Attachment A

### Items to be Seized

a) Controlled dangerous substances (CDS) and books, records, receipts, notes, ledgers, money orders, and other papers relation to the transportation, ordering, sale, and distribution of CDS and the profits derived from those transactions;

b) Papers, airline tickets, passports, notes, schedules, receipts, and other items relating to domestic or foreign travel;

c) United States currency or foreign currency;

d) Books or papers which reflect names, addresses, and/or telephone numbers of co-conspirators involved in drug trafficking;

e) Paraphernalia for packaging, cutting, weighing, importing and distributing CDS including, but not limited to, scales, packaging materials, and other chemical agents used to mix with CDS;

f) Indicia of occupancy, residency, ownership or lease of the residence identified on the warrant, including but not limited to utility and telephone bills, other mail, and keys;

g) Firearms; and

h) Cellular telephones, pagers, and personal digital assistants and any names, addresses, telephone numbers, and codes stored therein.

-12-



# RETURN

Apt 811

On <u>12-21-11</u>, officers executed a search and seizure warrant at <u>118 N. Howard St</u> and a copy of the warrant and inventory recovered / seized was left ~~with~~ <u>on Coffee Table</u>.

The following in a list of property taken pursuant to the warrant:

| | | |
|---|---|---|
| 1 Apple MacBook Pro Computer | 50 gelcaps w/ Powder | 2 plastic Cards w/ res. |
| Mail in name of Enzo Blanks | 1 Plastic Tray | 6 plastic Cups w/ res |
| Paper work and documents | 48 gelcaps w/ Powder | 8 plastic bags w/ res. |
| Packaging Material | 1 Pile of Powder Sub | 1 electric grinder |
| 7 Bags of Mannite | 1 Ziplock of Powder Sub | 1 electronic Scale |
| $9,404.00 U.S. Currency | 4 Plastic Trays | |
| ~~1 Clear plastic Bag~~ | Brown Gucci bag | |
| ~~105 gelcaps~~ | 3 brown Pellets | |
| 1 Clear plastic bag | Cup w/ residue | |
| 150 gelcaps w/ Powder | bent Spoon w/ residue | |
| 1 plastic Tray Cont | Strainers | |

Witness: _____.

I swear that this inventory is a true and detailed account of all the property recovered / seized by this officer in execution of this warrant.

_____
AFFIANT

Subscribed, sworn and returned before me this _____ day of _____, 2011.

_____
JUDGE

-13-